The judgment of the court was pronounced by
Slidell, J.
Kohn, Daron 8f Co. being holders of a judgment against Martineau Cruger Co., garnisheed Jenkins, a debtor of Martineau, Cruger Sf Co.; and on the 30th November, 1840, obtained a judgment against the garnishee for $4971 99, with costs The judgment is silent as to interest.
In 1842, an account was rendered to Jenkins by Kohn, Daron £f Co., in which the balance due upon the judgment is stated at $4570 19. Jenkins is chai’ged in this account with interest “as per agreement” up to 15th January, 1842. This interest is charged from 1837 to 1839, at six per cent, and from 1839 to 15tlx January, 1842, at ten per cent. There is a credit on 15th January, 1841, of $2284 99, received in two acceptances of T. B. Lee, due 15th and 18th January, 1842. After the rendition of this account on the 17th January, 1842, Jenkins addressed a letter to Kohn, Daron Sf Co., in which the correctness of the account is acknowledged; and he proposes, if they will give him indulgence for another yeax-, to send them his next crop towards paying the balance of $4570 19, and also intei’est on that balance fx'onx 15th January, 1842, at ten per cent, “as ox-iginally agreed upon.”
It will be observed, that both the account rendered and the letter of Jenkins point to a preéxisting agreement for the payment of interest. Under that preexisting agreement, the interest in the account rendered purports to have been charged. That agreement is not before us. We are ignorant of the circumstances under which it was made, and are consequently unable to declare that it was usurious. Usury is a violation of law, and a violation of law is not to be presumed. It is true that the judgment against the garnishee does not in itself bear interest. But it must be remembered that the judgment was based upon an existing indebtedness of the garnishee to Martineau, Cruger Co. That debt may have borne interest; and if the garnishee chose to enter into an agreement with Kohn, Daron & Co., to pay them the interest accrued or that might accrue upon the debt which was garnisheed, even although the judgment had omitted interest, he certainly in doing so fulfilled at least a natural obligation, which was a sufficient consideration for the agreement. We suggest this as showing that the first agreement for interest made between Jenkins and Kohn, Daron & Co. may have had a lawful consideration, and been untainted with usury. Even where an agreement for interest is before a court and is susceptible of two constructions, one of which would bring it within the statutes against usury, and the other would not, a court would adopt the latter. Archibald v. Thomas, 3 Cowan, 284. Bank of Louisiana v. Briscoe, 3d Ann. 161. A for *683 lioñ, a court will not undertake to declare a contract, under which interest has been paid, usurious, when that contract and its attendant circumstances are not in evidence.
From what we have stated it is obvious that there is no ground for treating the letter of 17th January, 1842, as an agreement, in consideration of indulgence, to pay not only future interest at ten per cent, but also back interest not due.
From the evidence in the cause, it appears that the parties themselves agreed that the payments should be appropriated first to the interest. See the case of Bludworth v. Jacobs. 2d Ann. 25. The judgment of the district court is erroneous as to the amount and date from which interest is to run, and will be corrected accordingly. As no change has been asked by the appellee in the decree to the judicial mortgage, it is unnecessary to inquire whether it should not have been allowed for a larger amount.
It is therefore decreed, that the judgment of the court be so amended as that the judgment in favor of Kohn, Baron Sf Co. be allowed as an ordinary debt for the sum of $4651 56 with interest at ten per cent per annum from the 30th May, 1844, until paid, and $113 costs; and that in other respects said judgment be affirmed; the costs of the appeal to be paid by the appellees.